IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HAZEL I. HOLST, M.D.            :
                               :        CIVIL ACTION
                               :
        v.                      :        NO. 05-CV-0220
                               :
                               :
HARRY J. OXMAN, ESQ.,           :
OXMAN, LEVITAN,                 :
GOODSTADT & KREVITZ, P.C.,      :
and RODERICK T. POWELL          :

**SURRICK, J.**                                          **MARCH 17, 2006**

**MEMORANDUM & ORDER**

Presently before the Court is the Motion of Defendants Harry J. Oxman, Esq. and Oxman, Levitan, Goodstadt & Krevitz, P.C. (the "Firm") (collectively "Moving Defendants") to Dismiss Plaintiff's Complaint (Doc. No. 3). For the following reasons, Moving Defendants' Motion will be granted.

**I.      BACKGROUND**

The instant Complaint was filed on January 18, 2005. The Complaint alleges that, in 2000, Defendant Oxman initiated a medical malpractice action in the Philadelphia County Court of Common Pleas (the "State Action") on behalf of his client, Defendant Powell, and against Plaintiff Hazel I. Holst, M.D.[1] (Doc. No. 1 ¶ 6.) The State Action complaint alleged that Holst had committed acts of medical malpractice on Powell in 1970 resulting in injury to Powell. (*Id.* ¶¶ 6-0.) Plaintiff alleges that on January 17, 2003, the State Action was submitted to alternative

---

[1] The State Action, *Powell v. Crozer Chester Med. Ctr.,* was initiated on March 16, 2000, by Writ of Summons and docketed as Philadelphia County Court of Common Pleas Civil Action No. 000301711. (Doc. No. 1 ¶ 6; Doc. No. 3 at Ex. A.)

dispute resolution ("ADR").  (*Id.* ¶ 18.)  She alleges that the ADR ended favorably to her, thereby

disposing of the State Action.  (*Id.*)  Plaintiff asserts that, at all times pertinent to the State

Action, Oxman was a partner and agent of the Firm.  (*Id.* ¶¶ 4, 6.)

Holst alleges that the State Action constituted a fraud and was initiated with the purpose

of extorting funds from her.  (*Id.* ¶ 14.)  She claims that the records available to Oxman and the

Firm clearly demonstrated that she never treated Powell, that no reasonable basis existed for

Defendants to commence the State Action, and that the State Action was barred by the applicable

statute of limitations.  (*Id.* ¶¶ 8-11.)  Holst further contends that Moving Defendants and Powell

"created certain mailings" and utilized "certain telephone communications" in an effort to

perpetrate the alleged fraud against her.  (*Id.* ¶ 15.)  Finally, Holst claims to have suffered injury

as a result of Defendants' actions.  (*Id.* ¶¶ 16, 21.)

The Complaint contains three causes of action:  (1) violation of the Racketeer Influenced

and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c) (*Id.* ¶¶ 15-16); (2) wrongful use

of civil proceedings, 42 Pa. Cons. Stat. §§ 8351-54, also known as the Dragonetti Act (¶¶ 17-21);

and (3) malicious abuse of process.[2] (*Id.*)  Moving Defendants have filed a Motion to Dismiss all

counts of the Complaint with prejudice.[3]

---

[2] In a separate count, Plaintiff sets forth a cause of action for punitive damages.  (Compl.
¶ 22.)  Pennsylvania law does not recognize an independent cause of action for punitive damages.
*See e.g.*, *Mest v. Cabot Corp.*, Civ. A. No. 01-4943, 2004 U.S. Dist. LEXIS 9112, at *18 (E.D.
Pa. May 14, 2004); *Peer v. Minn. Mut. Fire & Cas. Co.*, Civ. A. No. 93-2338, 1993 U.S. Dist.
LEXIS 18008, at *16-17 (E.D. Pa. Dec. 21, 1993) ("There is no independent cause of action for
punitive damages under Pennsylvania law.  Punitive damages are an element of damages that
must be tied to a specific cause of action." (citing *Kirkbride v. Lisbon Contractors, Inc.*, 555
A.2d 800, 802 (1989))).

[3] We note that federal jurisdiction in this matter depends on the adequacy of the RICO
allegations in Plaintiff's Complaint.

II.     **STANDARD OF REVIEW**

When considering a motion to dismiss a complaint for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6), this Court must "accept as true all allegations in the

complaint and all reasonable inferences that can be drawn therefrom, and view them in the light

most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir.

1989).  The Court may dismiss a complaint only if "it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations." *H.J., Inc. v. Nw. Bell*

*Tel. Co.*, 492 U.S. 229, 249 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

A court need not credit a plaintiff's "bald assertions" or "legal conclusions" when deciding a

motion to dismiss.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)**.**

III.    **DISCUSSION**

A.      **Violation of the RICO Act**

In Count I of her Complaint, Holst alleges that Defendants violated 18 U.S.C. § 1962(c)

by initiating the State Action with a fraudulent design and utilizing the mails and wires in

furtherance of their scheme.  (Doc. No. 1 ¶¶ 12, 15-16.)  Under RICO, any person injured in his

business or property by reason of a violation of § 1962 may bring a civil action for treble

damages.  18 U.S.C. § 1964(c).   Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise
> engaged in, or the activities of which affect, interstate or foreign commerce, to
> conduct or participate, directly or indirectly, in the conduct of such enterprise's
> affairs through a *pattern of racketeering activity* or collection of unlawful debt.

18 U.S.C. § 1962(c) (emphasis added).

To effectively plead a violation of § 1962(c), a plaintiff "must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex, Co., Inc.*, 473 U.S. 479, 496 (1985)). Moving Defendants contend that Holst has failed to allege the existence of a RICO enterprise and that she has failed to adequately allege a pattern of racketeering activity. (Doc. No. 3 at 6-9.)

### 1.   Pleading the existence of an enterprise

An enterprise includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. 18 U.S.C. § 1961(4). "[A]n entity made up of a group of persons associated together for the common purpose of engaging in a course of conduct" constitutes a RICO enterprise. *Marshall v. Fenstermacher*, 388 F. Supp. 2d 536, 599 (E.D. Pa. 2005) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Virtually any de facto or de jure association can form a RICO enterprise, *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 789 (3d Cir. 1984), including the mere association of a group of individuals. *Chambers Dev. Co., Inc. v. Browning-Ferris Indus.*, 590 F. Supp. 1528, 1535 (W.D. Pa. 1984).

To prevail on the merits, a RICO plaintiff must prove the following to establish the existence of an enterprise:

> (1) that the enterprise is an ongoing organization with some sort of framework or superstructure for making or carrying out decisions; (2) that the members of the enterprise function as a continuing unit with established duties; and finally (3) that the enterprise must be separate and apart from the pattern of activity in which it engages.

*Seville*, 742 F.2d 786, 789-90 (citing *United States v. Riccobene*, 709 F.2d 214, 221-24 (3d Cir. 1983), *overruled on other grounds by Griffin v. United States*, 502 U.S. 46 (1991)). However, to

4

survive a motion to dismiss, "a 'bare allegation' that a particular set of defendants constituted an

enterprise is sufficient to allow a claim to proceed." *Marshall*, 388 F. Supp. 2d at 560 (citing

*Seville*, 742 F.2d at 790.)

Here, Holst has alleged that "the Defendants . . . acting both in concert with each other

and in furtherance of the *agency created between each of the Defendants* served as a violation of

[§ 1962(c)]."  (Doc. No. 1 ¶ 16) (emphasis added).  Taken together with the other allegations in

the Complaint, Holst has barely alleged the existence of an enterprise.

### 2.      Pleading a pattern of racketeering activity

 Moving Defendants further argue that Holst's Complaint does not sufficiently set forth a

pattern of racketeering activity.  (Doc. No. 3 at 7-9.)  A pattern of racketeering activity is

demonstrated through two or more predicate acts of racketeering.  *Lum*, 361 F.3d at 223 (citing

18 U.S.C. § 1961(5)).  Racketeering predicates must be related and "amount to or pose a threat of

continued criminal activity." *H.J. Inc.*, 492 U.S. at 239.  Acts amounting to mail or wire fraud in

violation of 18 U.S.C. §§ 1341 or 1343 may constitute predicate acts of racketeering.  *Lum*, 361

F.3d at 223.

A violation of the federal mail and wire fraud statutes occurs where the mails or interstate

wires are used "for purposes of carrying out any scheme or artifice to defraud." *Id.*  A scheme or

artifice to defraud "must involve some sort of fraudulent misrepresentation or omission

reasonably calculated to deceive persons of ordinary prudence and comprehension." *Kehr

Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1415 (3d Cir. 1991) (quoting *United States v.

Pearlstein*, 576 F.2d 531, 535 (3d Cir. 1978)).  To establish a claim for mail or wire fraud a

plaintiff must prove the following elements:  "(1) a scheme to defraud; (2) the use of the mails or

wires for the purpose of executing the scheme; and (3) fraudulent intent." *Cooper v. Broadspire Servs., Inc.*, No. Civ. A. 04-5289, 2005 WL 1712390, at *5 (E.D. Pa. July 20, 2005) (citing *United States v. Pharis*, 298 F.3d 228, 234 (3d Cir. 2002)).

### a.    Pleading fraud with particularity

 Oxman and the Firm argue that Holst's allegations of mail and wire fraud fail to meet the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b).  (Doc. No. 3. at 7-8.)  As with other allegations of fraud, where mail and/or wire fraud serve as the basis for a RICO violation, a plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 9(b). *Lum*, 361 F.3d at 223.  Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  A plaintiff must plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."  *Seville*, 742 F.2d at 791.

A plaintiff may satisfy the heightened pleading requirement of Rule 9(b) "by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'"  *Lum*, 261 F.3d at 224 (quoting *Seville*, 742 F.2d at 791).  In addition, a plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation."  *Id.* (internal citations omitted).

Where a plaintiff merely sets forth general or conclusory allegations, the heightened pleading requirement of Rule 9(b) is not satisfied.  *See id.*  An allegation fails to rise to the level of particularity required by Rule 9(b) where it simply states that a defendant used the mails

and/or interstate wires in connection with accomplishing, and for the purpose of furthering, a

fraudulent scheme.  *See id*. at 224-25.  Such allegations do not provide "information of the

precise misconduct alleged for either the Court or the defendant and therefore [are] insufficient

under Rule 9(b)."  *Cooper*, 2005 WL 1712390, at *6; *see also In re Rockerfeller Ctr. Props., Inc.*

*Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) ("Where it can be shown that the requisite factual

information is peculiarly within a defendant's knowledge or control, the rigid requirements of

Rule 9(b) may be relaxed.  Nevertheless, even when the defendant retains control over the flow

of information, boilerplate and conclusory allegations will not suffice, and plaintiffs must

accompany their legal theory with factual allegations that make their theoretically viable claims

plausible." (internal citations omitted)).

 In this case, Holst's Complaint sets forth the following allegations of mail and/or wire

fraud in support of her RICO claim against the Defendants:

> 12. That as a result of the combined actions of [Powell, Oxman, and the Firm] *certain mailings* were created and were used as part of the efforts being made by the named Defendants to make a claim of malpractice against [Holst].
>
> . . .
>
> 15. The Defendants, acting in concert with each other and in conspiracy thereof, *created certain mailings* which were deposited into the United States Mail and which were used to be both an intimate part of the fraud and also as incidental thereto.  Further, the Plaintiff *believes* there were *certain telephone communications* which *appear to qualify* as violations of the wire fraud act and which were done in furtherance of and in violation of the RICO Act.
>
> 16. The actions of the Defendants above, both jointly and severally and acting both in concert with each other and in furtherance of the agency created between each of the Defendants served as a violation of the above referred to statutes and in combination did cause damages and injury to [Holst].

(Doc. No. 1 ¶¶ 12, 15-16) (emphasis added).

These allegations do not satisfy the heightened pleading requirements of Rule 9(b).  They lack any indication of the date, time, or place of a misrepresentation and they fail to impart any degree of precision or measure of substantiation.  *See Lum,* 361 F.3d at 224-25; *cf. Seville*, 742 F.2d at 791 (plaintiff satisfied Rule 9(b) by pleading which machines were the subject of alleged fraudulent transactions and the nature and subject of the alleged misrepresentations).  The allegations fail to identify the content of any misrepresentations made by any of the Defendants, as well as to whom and by whom any misrepresentations were made.  Plaintiff's conclusory boilerplate allegations of mail and wire fraud fail to state a claim upon which relief can be granted.

### b.    Relatedness and continuity

Moving Defendants argue that even if Holst's allegations of mail and wire fraud were plead with the requisite particularity, the Complaint fails to allege predicate acts which amount to or pose a threat of continued criminal activity.  (Doc. No. 3 at 8-9.)  To successfully state a RICO claim, a plaintiff must not only allege two predicate acts of racketeering, but must also demonstrate that those predicate acts amount to a pattern of racketeering activity.  *See Cooper*, 2005 WL 1712390, at *8.  Thus, a pattern requires more than the commission of the requisite number of predicate acts.  Not every single scheme comprising two or more predicate acts will constitute a pattern.  A pattern of racketeering exists where the racketeering predicates are both related and amount to or pose a threat of continued criminal activity.  *See H.J. Inc.*, 492 U.S. at 239.

"[P]redicate acts are related if they 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Tabas v. Tabas*, 47 F.3d 1280, 1292 (3d. Cir. 1995) (quoting *H.J. Inc.*, 492 U.S. at 240). "'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 241-42. On the one hand, closed-ended continuity refers to "a series of related predicates extending over a substantial period of time." *Id*. at 242. The Third Circuit has held that conduct lasting less than twelve months is insufficient to establish closed-ended continuity. *See, e.g., Hughes v. Consol-Pa. Coal Co.*, 945 F.2d 594, 610-11 (3d Cir. 1991); *Hindes v. Castle*, 937 F.2d 868, 875 (3d Cir. 1991); *Kehr Packages, Inc*., 926 F.2d at 1413; *Banks v. Wolk*, 918 F.2d 418, 422-23 (3d Cir. 1990). On the other hand, open-ended continuity "may be established by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *H.J. Inc.*, 492 U.S. at 242.

In this case, Plaintiff's Complaint alleges that Defendants engaged in the predicate acts of mail and wire fraud in pursuing the malpractice lawsuit against Holst. However, the Complaint contains no allegations that Defendants' conduct constituted a pattern of racketeering activity which posed a threat of continued criminal activity. To the contrary, Plaintiff's Complaint alleges only a single isolated incident which involved mail fraud and wire fraud. There is nothing to indicate that this was Defendants' regular way of doing business or that there is a threat of continuing criminal activity in the future. Plaintiff's failure to allege a pattern of racketeering activity is fatal to her RICO claim.

**B.      Claims Under Pennsylvania Law**

Having determined that Plaintiff's RICO claim must be dismissed, we need not address

Defendants' Motion as it relates to Plaintiff's state law claims for wrongful use of civil

proceedings and abuse of process.  *See* 28 U.S.C. § 1367(c)(3) (district court may decline to

exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which

the court has original jurisdiction).  Nevertheless, because we conclude that Plaintiff's state law

claims must also be dismissed, we will briefly discuss each claim.

**1.      Wrongful use of civil proceedings**

Moving Defendants argue that Holst's state law claims must fail because Holst does not

allege that the underlying State Action terminated in her favor.  The elements for an action of

wrongful use of civil proceedings are as follows:

> A person who takes part in the procurement, initiation or continuation of civil
> proceedings against another is subject to liability to the other for wrongful use of
> civil proceedings:
>
> (1) He acts in a grossly negligent manner or without probable cause and primarily
> for a purpose other than that of securing the proper discovery, joinder of parties or
> adjudication of the claim in which the proceedings are based; and
>
> (2) The proceedings have terminated in favor of the person against whom they are
> brought.

42 Pa. Cons. Stat. § 8351(a).  In her Complaint, Holst alleges that the State Action was submitted

to ADR and that "a verdict was rendered in behalf of the Plaintiff, Hazel I. Holst, M.D."  Holst

has provided no explanation as to how an ADR resulted in a "verdict" in her favor.  (Doc. No. 1

¶ 18.); *see also* Restatement (Second) of Torts § 674(b) ("Civil proceedings may be terminated in

favor of the person against whom they are brought . . . by (1) the favorable adjudication of the

claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing

them, or (3) the dismissal of the proceedings because of his failure to prosecute them.").  In her

response to Moving Defendants' Motion to Dismiss, Holst also alleges that on November 27,

2001, her motion for summary judgment in the State Action was granted.  (Doc. No. 4 at 4.)

According to the state court docket, Holst's motion for summary judgment in the State Action

was *denied* on November 27, 2001.  In addition, a docket entry on October 23, 2002 indicates

that the State Action was settled after it was assigned to a trial judge for trial.  (Doc. No. 3 at Ex.

A.)  The settlement of a civil case by the defendant does not constitute a termination favorable to

the plaintiff.  Because Plaintiff has not met the requirements of § 8351(a), her claim for wrongful

use of a civil proceeding must fail.

## 2.    Abuse of process

In order to sustain an action for malicious abuse of process, a plaintiff must establish

"that the defendant (1) used a legal process against the plaintiff; (2) primarily to accomplish a

purpose for which the process was not designed; and (3) harm has been caused to the plaintiff."

*Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. Ct. 1993).  This tort requires a

"perversion of legal process *after* it has begun in order to achieve a result for which the process

was not intended."  *Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191 (Pa. Super. Ct.

1994) (emphasis added).  "It is not enough that the process employed was used with a collateral

purpose in mind."  *Hart v. O'Malley*, 647 A.2d 542,552 (Pa. Super. 1994).  There must be

"[s]ome definite act or threat not authorized by the process, or aimed at an objective not

legitimate in the use of the process[;] . . . there is no liability where the defendant has done

nothing more than carry out the process to its authorized conclusion, even though with bad

intentions." *Id.* (quoting *Shaffer v. Stewart*, 473 A.2d 1017, 1019 (Pa. Super. Ct. 1984)

Moving Defendants argue that Plaintiff has failed to allege the legal process used against her and that she has not indicated a definite act or threat not authorized by the process.  In her Complaint, Holst contends that Moving Defendants' purpose in filing the State Action was to extort funds from her.  (Doc. No. 1 ¶ 19.)  Although some form of extortion is usually the basis of an abuse of process claim, it ordinarily involves "using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it." Restatement (Second) of Torts § 682; *see also Zappala v. Hub Foods, Inc.*, 683 F. Supp. 127, 129 (W.D. Pa. 1988) ("Typical forms of abuse of process include extortion by means of attachment, execution or garnishment, and blackmail by means of arrest or criminal prosecution.").  Filing a complaint in the hopes that it will induce settlement negotiations does not constitute an abuse of process.  Accordingly, Plaintiff's Complaint does not appear to state a legitimate claim for abuse of process under Pennsylvania law.

## IV.   CONCLUSION

Based upon the foregoing, Plaintiff's RICO claim and Plaintiff's state law claims against all Defendants will be dismissed with prejudice.  Plaintiff has failed to state claims upon which relief can be granted for violation of RICO, wrongful use of civil proceedings, and abuse of process.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HAZEL I. HOLST, M.D.                      :
                                          :    CIVIL ACTION
                                          :
              v.                          :    NO. 05-CV-0220
                                          :
                                          :
HARRY J. OXMAN, ESQ.,                     :
OXMAN, LEVITAN,                           :
GOODSTADT & KREVITZ, P.C.,                :
and RODERICK T. POWELL                    :

**<u>ORDER</u>**

_____AND NOW, this \_17th\_\_ day of March, 2006, upon consideration of the Motion of

Defendants Harry J. Oxman, Esq. and Oxman, Levitan, Goodstadt & Krevitz, P.C. (Doc No. 3),

and all documents in support thereof and in opposition thereto, it is ORDERED that the

Plaintiff's Complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

BY THE COURT:


S/ R. Barclay Surrick\_\_\_\_
U.S. District Court Judge